**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Douglas Jerrold BEMIS, Jr.,
Defendant–Appellant.**

No. 03–50741.
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Decided July 9, 2004.

Joseph H. Gay, Jr., Assistant U.S. Attorney, Margaret M. Embry, U.S. Attorney's Office, San Antonio, TX, for Plaintiff–Appellee.

Thomas S. Morgan, Law Office of Thomas S. Morgan, Midland, TX, for Defendant–Appellant.

Before SMITH, DeMOSS, and STEWART, Circuit Judges.

PER CURIAM: *

Douglas Bemis appeals the revocation of his supervised release. He argues that the District Court for the Western District of Texas did not have jurisdiction over the revocation proceedings pursuant to 18 U.S.C. § 3605. Bemis contends that because the Western District of Missouri was the sentencing court, as well as the court that imposed the conditions of supervised release, the Missouri court was the only one with jurisdiction to preside over the revocation proceedings.

Given a plain reading of 18 U.S.C. § 3605, the purpose of the statute, and *United States v. Ramirez,* 2004 WL 962898 (5th Cir. May 4, 2004), the District Court for the Western District of Texas had jurisdiction over Bemis's revocation proceedings. *See United States v. Santos–Riviera,* 183 F.3d 367, 369 (5th Cir.1999); *United States v. Ron Pair Enters., Inc.,* 489 U.S. 235, 242, 109 S.Ct. 1026, 103 L.Ed.2d 290 (1989). We also reject Bemis' argument that the rule of lenity applies. Here, 18 U.S.C. § 3605 is not so ambiguous as to require an application of the rule. *United States v. Shabani,* 513 U.S. 10, 17, 115 S.Ct. 382, 130 L.Ed.2d 225 (1994).

AFFIRMED.

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.